

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Mervin Hall, Commissioner
Fire Insurance Division
Board of Insurance Commissioners
Austin, Texas

Dear Sir:                    Attention: Mr. Albert Boggess, Jr.

Opinion No. O-5744
Re: Whether direct salaried salesmen
or direct salaried employees of
reciprocal or inter-insurance
exchanges whose principal work
is solicitation of insurance from
the public generally, are required
to be licensed under Articles 5055
and 5062b of Vernon's Annotated
Civil Statutes.

Your letter of December 1, 1943, requesting the opinion of this department on the question stated therein reads as follows:

"The Federal Underwriters, a reciprocal exchange, has refused to secure licenses for their salaried salesmen and representatives or employees whose work mainly consists of soliciting insurance from the public generally. They claim that such employees of a reciprocal exchange are exempt from securing licenses.

"We have had numerous complaints because such above described representatives solicit and sell insurance without being subject to the same regulations and requirements as prescribed by law for other insurance agents. It has been our practice to require representatives of a reciprocal exchange who solicit and sell insurance to the public generally to be licensed under Article 5062b.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Marvin Hall, page 2

"In 1939, there arose the question of licensing
representatives of Lloyds. In this case, the repre-
sentatives were designated as deputy attorneys-in-
fact, and they claimed exemption from being licensed.
This question was submitted to you, and Opinion No.
O-1010 was rendered on June 27, 1939 that such deputy
attorneys-in-fact were required to be licensed.

"In considering this question, we respectfully dir-
ect your attention to an opinion written in 1931, a
copy of which is hereto attached. We also invite your
consideration of Article 5055, Revised Statutes, and
Article 572, Penal Code. It is our practice to issue
a certificate for agents who do not solicit from the
public generally but whose principal duties are over-
seeing and supervising the activities of agents solicit-
ing from the public generally as outlined in Article
5065.

"Therefore, we submit the following question:

"'Are direct salaried salesmen or direct
salaried employees of reciprocal or inter-
insurance exchanges whose principal work
is solicitation of insurance from the public
generally, required to be licensed as provided
under Articles 5055 and 5068B, of the Revised
Civil Statutes of Texas?'"

Article 5055, Vernon's Annotated Civil Statutes, provides:

"It shall not be lawful for any person to act
within this State, as agent or otherwise, in solicit-
ing or receiving applications for insurance of any
kind whatever, or in any manner to aid in the trans-
action of the business of any insurance company incor-
porated in this State or out of it, without first pro-
curing a certificate of authority from the Commissioner."

Article 572 of Vernon's Annotated Penal Code, makes it
a penal offense for any individual to solicit insurance in behalf
of any insurance company without a certificate of authority to

act as agent or solicitor for such company, or after such certificate of authority shall have been cancelled or revoked.

Article 5056, Vernon's Annotated Civil Statutes, provides in effect that any person who solicits insurance on behalf of any insurance company is an agent of the company. Generally speaking, the substantial provisions of Article 5056 are contained in Article 568, Vernon's Annotated Penal Code.

Section 2 of Article 5062b, Vernon's Annotated Civil Statutes, among other things, defines the terms "local recording agent" and "solicitor." Section 4 of said statute provides:

"It shall be unlawful for any person or firm or partnership to act as a Local Recording Agent or Solicitor in procuring business for any Insurance Company, corporation, inter-insurance, exchange, Mutual, Reciprocal, Association, Lloyds or other Insurance Carrier, until he shall have in force the license provided for herein."

Section 20 of said statute (5062b) provides:

"No provision of this act shall apply to the Life, Health and Accident Insurance business or the Life, Health and Accident Department of the companies engaged therein, nor shall it apply to any of the following, namely:

"(a) Any actual full-time home office or salaried traveling representatives of any Insurance Carrier licensed to do business in Texas.

"(b) Any actual attorney in fact and its actual traveling salaried representative as to business transacted through such attorney in fact or salaried representative of any reciprocal exchange or inter-insurance exchange admitted to do business in Texas.

"* * *"

Honorable Marvin Hall, page 4

In view of the specific exemption contained in Section 20, as quoted above, it is our opinion that Article 5055, Vernon's Annotated Civil Statutes, and Article 572, Vernon's Annotated Penal Code, have no application to the question under consideration. It is our further opinion that in view of said Section 20 the salaried salesmen or salaried employees of reciprocal or inter-insurance exchanges are not subject to Section 4 of Article 5062b although their principal work is soliciting insurance from the public generally. Stated another way, it is our opinion that Section 20 expressly exempts from the provisions of the foregoing statutes those persons named in subsection (a) and subsection (b) of Section 20 of said article. Therefore, the question as quoted above, is respectfully answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 20, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:RP

